UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARLENE A. BROWN,

      Plaintiff,

v.                                   CASE NO. 3:21-cv-1221-MMH-MCR

ACTING COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION,

      Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision regarding her application for a period of disability and disability insurance benefits ("DIB"). Following an administrative hearing held telephonically on January 22, 2021, the assigned Administrative Law Judge ("ALJ") issued a decision finding Plaintiff not disabled from May 10, 2019, the alleged disability onset date, through March 29, 2021, the date

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

of the decision.² (Tr. 15-51.) Based on a review of the record, the briefs, and the applicable law, the undersigned recommends that the Commissioner's decision be **REVERSED and REMANDED**.

## I. Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the

---

² Plaintiff had to establish disability on or before December 31, 2024, her date last insured, in order to be entitled to a period of disability and DIB. (Tr. 16.)

decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II. Discussion

### A. Issues on Appeal

Plaintiff raises four issues on appeal. First, she argues that a remand is required because the ALJ ignored the opinions of William Neway, III, D.O., a treating surgeon, and Kenneth Powell, D.O., a treating pain management physician, and also made other significant legal errors while evaluating the medical evidence of record. (Doc. 11 at 3-5.) On September 13, 2019, Dr. Neway opined that Plaintiff could walk or stand intermittently with standard breaks. (Tr. 456.) Dr. Neway also endorsed the limitations in the September 2019 Functional Capacity Evaluation ("FCE"), which stated that Plaintiff should avoid climbing stairs, bending, squatting, sustained squatting, sustained kneeling, repetitive kneeling, crawling, static balance activities, dynamic balance activities, and firm grasping activities; and she could only occasionally engage in simple grasping, pinching, fine motor coordination, and walking.[3] (Tr. 404-09, 455-56.) On October 2, 2019, Dr. Powell opined

---

[3] Based on the testing, the FCE concluded that Plaintiff would not be able to meet the demands of her job as far as simple grasping (ability for occasional, but job

3

that Plaintiff could sit for three hours and stand or walk for two hours in an eight-hour workday; she could never bend at the waist, kneel/crouch, climb, or balance; and she could only occasionally (up to 2.5 hours) perform activities requiring fine manipulation, gross manipulation, and reaching. (Tr. 459.) Plaintiff argues that the ALJ never acknowledged the opinions of Dr. Neway and Dr. Powell, both of which imposed greater limitations than the ALJ's residual functional capacity ("RFC") assessment. (Doc. 11 at 5-6.)

Plaintiff also argues that the ALJ misrepresented the evidence when he stated that although the FCE was relatively persuasive, Plaintiff was less limited because of testing inconsistencies. (*Id.* at 7-8.) Plaintiff explains:

> In fact, only four testing items were deemed inconsistent, three of which related to Ms. Brown's left upper extremity grasping and pinching and the fourth to her bilateral upper extremity carrying (Tr. 408). The remaining items in the FCE supported specific functional limitations that, as discussed earlier, included activities Ms. Brown should avoid and those she could only occasionally perform (Tr. 401-409). Many of these limiting activities would prevent her from performing her past work as actually performed. For example, Ms. Brown testified that as part of her past work, she would have to stoop, bend, kneel, crouch, climb, and use the computer keyboard on a daily basis (Tr. 46-48, 272). Her FCE, which was consistent with the

---

required frequent), firm grasping (need to avoid, but job required occasional), pinching (ability for occasional, but job required frequent), stair climbing (need to avoid, but job required rare), forward reaching (ability for occasional, but job required frequent), bending (need to avoid, but job required occasional), squatting (need to avoid, but job required occasional), sustained squatting (need to avoid, but job required rare), sustained kneeling (need to avoid, but job required rare), repetitive kneeling (need to avoid, but job required rare), crawling (need to avoid, but job required rare), static balance (need to avoid, but job required occasional), and dynamic balance (need to avoid, but job required occasional). (Tr. 408-09.)

4

> opinions of Dr. Powell and Dr. Neway, stated she should avoid climbing, bending, and kneeling and could only occasionally perform fine motor activities such as typing (Tr. 401-409, 455-456, 458-459).

(Doc. 11 at 7-8.)  Plaintiff adds that:

> The ALJ did not consider the consistency of the opinions of two treating sources as well as a certified functional capacity evaluator in his finding that Ms. Brown could occasionally bend, stoop, kneel, [and] climb (Tr. 19).  The ALJ also erred in failing to explain why he was not adopting the limitations set forth by Dr. Powell, Dr. Neway, and the FCE.

(Doc. 11 at 8-9.)

Second, Plaintiff argues that a remand is required because the ALJ's decision is based on an unresolved vocational conflict and under the ALJ's own RFC assessment, Plaintiff could not perform her past work, as actually performed, with the limitations adopted by the ALJ.  (*Id.* at 3, 9.)  Plaintiff explains that her past work required her "to crouch to obtain pictures of VIN stickers found on the lower half of car doors and to get into vehicles to photograph odometers," as well as "to use a ladder to climb into big pickup trucks popular in her area to obtain this vehicle information."  (*Id.* at 9-10 (citing Tr. 46, 272).)  However, despite limiting Plaintiff to no crouching or climbing of ladders, the ALJ found that Plaintiff could perform her past work as actually performed.  (*Id.* at 10.)  According to Plaintiff: "At best, the ALJ violated controlling SSA policy by failing to resolve a conflict between the vocational expert's [VE's] testimony and the [Dictionary of Occupational

5

Titles (DOT)]; at worst, he failed to produce any evidence to support his step four finding that Ms. Brown could perform her past work with a limitation of no crouching or climbing." (*Id.*)

Third, Plaintiff argues that a remand is required because the ALJ failed to either accommodate the limitations he found credible into the RFC assessment or to explain why such limitations were omitted from the RFC. (*Id.* at 3.) Plaintiff explains:

> First, the ALJ found that state agency medical opinions regarding Ms. Brown's physical functioning provided an accurate summary of her medical conditions (Tr. 25), but then provided an inadequate basis for rejecting certain limitations included in those opinions. Specifically, state agency physicians found that Ms. Brown should avoid concentrated exposure to extreme temperatures, wetness, and vibration (Tr. 135-136, 147-148). However, the ALJ omitted these environmental restrictions from his RFC without providing any acceptable reasons or specific evidence to the contrary. Instead, the ALJ made a vague statement that "newer evidence presented at the hearing level and hearing testimony establish some slightly varying limitations" (Tr. 25).

(Doc. 11 at 12.) Plaintiff adds:

> The ALJ's omission of environmental limitations was potentially an outcome-determinative legal error. The ALJ found Ms. Brown could perform her past work as a loan clerk as actually performed (Tr. 26). Ms. Brown testified that in a typical day, she would have to go outside six times to take photos of interiors and exteriors of cars (Tr. 47, 272, 285). It is impossible to understand how Ms. Brown could avoid exposure to the environmental limitations noted by Agency physicians when she was required to be outside for much of her work day, in Florida.

(Doc. 11 at 14-15.)

6

Plaintiff argues the ALJ also erred in his failure to accommodate the manipulative limitations he found credible into the RFC assessment. (*Id.* at 15.) Specifically, despite finding that Plaintiff's bilateral carpal tunnel syndrome ("CTS") was a severe impairment at step two, the ALJ found that Plaintiff could handle bilaterally up to two-thirds of the day and finger the entire day. (*Id.* at 15-16.) Plaintiff states that her semi-skilled past work, as actually performed, required six hours of handling and fingering per day. (*Id.* at 16 (citing Tr. 46-48, 272; DOT No. 219.362-010).)

Plaintiff adds that the ALJ also erred by ignoring evidence related to the severity of her CTS as follows:

> Ms. Brown's September 2019 FCE determined she could perform fine motor coordination occasionally (Tr. 404). Dr. Powell's October 2019 disability report opined Ms. Brown would be limited to only occasional fine and gross manipulation (Tr. 459). A nerve conduction study performed in October 2019 demonstrated bilateral severe carpal tunnel syndrome, and the physician noted she should consider hand surgery (Tr. 427-429).
>
> During the hearing, the VE testified that an individual with Ms. Brown's limitations who was also limited to occasional fine manipulation, defined during the hearing as fingering, keyboarding, and writing with a pen or pencil, would not be able to perform her past relevant work as actually performed (Tr. 50). Yet once again, the ALJ committed legal error by using his lay opinion to find Ms. Brown was only limited to frequent handling and unlimited fingering (Tr. 19).

(Doc. 11 at 17.)

7

Finally, Plaintiff argues that a remand is required because "the ALJ and Appeals Council members were not properly appointed" by former Acting Commissioner Nancy Berryhill nor by any subsequent Commissioner or Acting Commissioner. (*Id.* at 3, 18.) While Ms. Berryhill purported to properly appoint the ALJs and the Appeals Council judges on July 16, 2018, pursuant to the Federal Vacancies Reform Act ("FVRA"), 5 U.S.C. § 3346(a), after November 16, 2017, she no longer had legal authority as Acting Commissioner to make such appointments. (Doc. 11 at 18.) Therefore, Plaintiff argues, this case must be remanded to a new, properly appointed ALJ for a *de novo* hearing and decision. (*Id.* at 19.)

With respect to Plaintiff's first argument, Defendant responds that the ALJ properly evaluated the medical opinions and his RFC assessment was supported by substantial evidence in the record. (Doc. 14 at 2.) With respect to Dr. Neway's opinions, Defendant concedes that the ALJ did not expressly evaluate those opinions, but argues that the error was harmless because the ALJ's finding of sedentary work was consistent with Dr. Neway's opinions. (*Id.* at 3.) Defendant explains:

> [I]t does not appear that Dr. Neway adopted the opinions in the FCE report in the form he completed on September 13, 2019 (Tr. 456). The FCE did not even occur until two weeks later (Tr. 401-409). The only opinions that Dr. Neway included in the form, which appeared to be based on his most recent treatment of Plaintiff on September 5, 2019, were that, during an eight-hour workday, Plaintiff could sit continuously and stand and walk on

8

> an intermittent basis with normal breaks (Tr. 455-456). . . . Further, even if the reference to the FCE in the form Dr. Neway signed could reasonably be read to mean that Dr. Neway adopted the opinions in the FCE report (Tr. 456), . . . the ALJ discussed the persuasiveness of the opinions in the FCE report (Tr. 25) and Plaintiff has failed to show error.

(Doc. 14 at 3.)

With respect to Dr. Powell's opinions, Defendant states:

> Dr. Powell signed the FCE report including the related opinions, indicating that he adopted these opinions regarding Plaintiff's limitations as his own (Tr. 409). Dr. Powell reiterated these opinions in a form he completed a week later (Tr. 401-409, 458-459). In evaluating the persuasiveness of the opinions in the FCE report, the ALJ was necessarily evaluating Dr. Powell's opinions and performing a source-level analysis, which is all that was required under the regulations (Tr. 25, 401-409, 458-459). *See* 20 C.F.R. § 404.1520c(b)(1).

(Doc. 14 at 2-3.)

Defendant states the regulations do not require the ALJ to discuss every opinion or finding contained in the FCE. (*Id.* at 4.) According to Defendant:

> [T]he ALJ found the opinions in the FCE relatively, but not entirely, persuasive, and articulated his consideration of the supportability and consistency findings, accounting for the limitations demonstrated by the evaluation and the other evidence of record in the RFC finding (Tr. 19-26). Notably, the ALJ was not required to repeat the evidence he addressed elsewhere in the decision in comparing the consistency of the opinions in the FCE to the other evidence of record.

(Doc. 14 at 4.)

With respect to Plaintiff's second argument, Defendant responds that

9

Plaintiff has failed to show that she could not perform her past relevant work as a loan officer, as actually performed. (*Id.* at 5.) Defendant explains:

> Plaintiff alleges that she sometimes had to both climb ladders and crouch to take photographs of VIN numbers and odometers in cars, which she alleged was precluded by the RFC limitations to no climbing ladders and no crouching. . . . As to climbing ladders, Plaintiff did not even allege how often this occurred and she otherwise failed to demonstrate that climbing ladders was an actual job requirement. She testified that she had to photograph VINs and odometers about six times a day, for a few minutes each per day, and that it was only sometimes when she climbed ladders to get into large trucks (Tr. 45-48). Aside from the fact that Plaintiff's claim that she had to climb ladders to get into trucks to photograph their dashboards is farfetched on its face (it is difficult to imagine how one would even do that), this testimony conflicted with her work reports in which she reported that she spent no time climbing to get into vehicles to take photos (Tr. 272, 285). She offered no legal support for any argument that the ALJ was required to accept her testimony at the hearing over her prior testimony in the work report. Additionally, the ALJ concluded per Plaintiff's hearing testimony that Plaintiff would be able to take photos by bending and did not need to be able to crouch (Tr. 49). And in a work history report, Plaintiff reported that she took photographs by stooping and bending, not crouching or climbing (Tr. 272). Plaintiff's argument that under SSR 00-4p, the ALJ had to resolve alleged conflicts between the *Dictionary of Occupational Titles* and the VE's testimony that she could perform her past relevant work is misplaced because the ALJ did not rely on the DOT or find that Plaintiff could perform her past work as generally performed. *See* SSR 00-4p. Plaintiff's work report and the VE's testimony constituted substantial evidence for the ALJ's step-four finding and Plaintiff has failed to meet her burden to prove she could not work as a loan officer.

(Doc. 14 at 5-6.)

With respect to Plaintiff's third argument on appeal, Defendant responds the environmental limitations that the ALJ did not adopt from the

10

State agency consultants' opinions were non-weather related pursuant to the Selected Characteristics of Occupations. (*Id.* at 4 (citing POMS, DI25001.001(A)(26), (27), (92)).) As such, they would not affect Plaintiff's ability to go outside for half an hour per day to do her past relevant work as a loan officer. (Doc. 14 at 4.) As to Plaintiff's CTS, Defendant contends that Plaintiff "is merely inviting the Court to reconsider evidence the ALJ already evaluated and assign it different weight than the ALJ did, which is prohibited." (*Id.* at 5.)

Finally, with respect to Plaintiff's fourth argument, Defendant responds that Ms. Berryhill was validly serving as Acting Commissioner when she ratified and approved the appointments of the ALJs and Appeals Council judges on July 16, 2018. (*Id.* at 7-8.)

### B.   The ALJ's Decision

At step two of the sequential evaluation process,[4] the ALJ found that Plaintiff had the following severe impairments: disorders of the spine; diabetes mellitus ("DM"); peripheral neuropathy; chronic venous insufficiency; bilateral CTS; chronic kidney disease ("CKD"); and obesity. (Tr. 18.) At step three, the ALJ found that Plaintiff did not have an

---

[4] The Commissioner employs a five-step process in determining disability. *See* 20 C.F.R. § 404.1520(a)(4).

11

impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.*)

Then, before proceeding to step four, the ALJ determined that Plaintiff had the RFC to perform sedentary work with limitations as follows:

> Specifically, in a normal 8-hour workday with normal breaks, the claimant can sit for a total of 7 hours per day, up to one hour at a time; and she can stand or walk for a total of 2 hours per day, up to 15 minutes at one time. The claimant can lift/carry up to 10 pounds occasionally, and up to 5 pounds frequently; she is limited to no more than frequent handling with her bilateral hands; fingering is unlimited; she can occasionally bend, stoop, kneel or climb stairs; and she can never crouch, crawl or climb ropes, ladders or scaffolds.

(Tr. 19.)

In reaching this conclusion, the ALJ "considered all symptoms and the extent to which these symptoms [could] reasonably be accepted as consistent with the objective medical evidence and other evidence," as well as "the medical opinion(s) and prior administrative medical finding(s). (*Id.*) The ALJ also discussed the evidence of record, including Plaintiff's testimony, the treatment records, the objective medical evidence, the September 2019 FCE from Coastal Physical Therapy, and some medical opinions. (Tr. 20-26.)

Specifically, the ALJ noted that the September 2019 FCE showed, *inter alia*, "inconsistencies in bilateral grip, pinch and carrying testing" and that Plaintiff was "limited to only occasional fine motor coordination, grasping, handling, walking[,] and reaching," and that "she should avoid bending,

12

squatting, kneeling, crawling, balancing[,] and climbing." (Tr. 25.) The ALJ found the "September 2019 FCE report generally consistent with the objective medical evidence and other evidence of record, and[,] thus[,] consider[ed] this opinion evidence relatively persuasive." (*Id.*) The ALJ added: "Notably[,] however, in light of claimant's noted inconsistencies on bilateral grip/pinch testing and 'fair' psychodynamics regarding effort reliability, the [ALJ] concludes the claimant [is] less limited in this area of functioning. Otherwise, this evaluation receives significant consideration (Exhibit 3F)." (*Id.*)

The ALJ also considered the administrative findings of the State agency medical consultants, D. Shafer, M.D. and C. Rodriguez, M.D. (*Id.*) The ALJ noted:

> Drs. Shafer and Rodriguez . . . opined the claimant has [the] ability to perform a range of sedentary/light level work, as defined by the Regulations, with certain postural, manipulative[,] and environmental limitations. Specifically, the [medical consultants] opined the claimant [is] limited to lifting/carrying 10 pounds occasionally, less than 10 pounds frequently; no more than 4 hours standing/walking in [a] normal 8-hour workday; and no more than frequent handling with her bilateral hands, but she is unlimited in fingering, feeling, and reaching. Additionally[,] the claimant is limited to only occasional postural activities (i.e., balancing, bending, stooping, kneeling, crouching, crawling, or climbing ramps/stairs); she can never climb ladders, ropes or scaffolds; no concentrated exposure to extreme temperatures, wetness, or vibrations; and no more than moderate exposure to hazards (Exhibits 1A and 3A). In this case, the [ALJ] finds the above [medical consultants'] assessments an accurate summary of the totality of the objective medical evidence and treatment

13

>  records; however, newer evidence presented at the hearing level
>  and hearing testimony establish some slightly varying
>  limitations. Otherwise, the [ALJ] deems the [medical
>  consultants'] opinion evidence in conjunction with the above 2019
>  FCE evaluation, persuasive in determining the [RFC].

(Tr. 25-26.) The ALJ concluded that the State agency consultants' assessments, coupled with Plaintiff's testimony and the medical records, did not establish disability. (Tr. 26.)

Then, at step four, based on the VE's testimony, the ALJ determined that Plaintiff was able to perform her past relevant work of loan clerk (DOT No. 219.362-010, light, semi-skilled, with an SVP of 4), as actually performed. (*Id*.) As such, the ALJ concluded that Plaintiff was not disabled from May 10, 2019 through March 29, 2021. (Tr. 26-27.)

### C. Analysis

The undersigned recommends that a remand is required for the ALJ's failure to acknowledge and address Dr. Neway's September 13, 2019 opinions and Dr. Powell's October 2, 2019 opinions as part of the ALJ's RFC determination. It is undisputed that the ALJ failed to expressly evaluate Dr. Neway's September 13, 2019 opinions, but Defendant contends that this error was harmless, because the ALJ's finding of sedentary work was consistent with Dr. Neway's opinions. The undersigned is not so convinced.

Dr. Neway and the September 2019 FCE, which he seemed to adopt in his September 13, 2019 opinions, imposed greater functional limitations on

14

Plaintiff than the ALJ's RFC assessment.  For example, according to Dr. Neway and the September 2019 FCE, Plaintiff needed to avoid climbing stairs, bending, sustained and repetitive kneeling, and firm grasping activities, among others.  In contrast, the ALJ found that Plaintiff could *occasionally* climb stairs, bend, and kneel, among other activities, and her only upper extremity limitation was *frequent* handling.  The Court cannot assume that the differences between Dr. Neway's opinions and the September 2019 FCE, on one hand, and the ALJ's RFC, on the other hand, are inconsequential, particularly without additional vocational testimony.

Furthermore, the gaps in the ALJ's consideration of the opinion evidence frustrate this Court's review of the administrative decision.  The ALJ did not expressly address Dr. Neway's September 13, 2019 opinions or Dr. Powell's October 2, 2019 opinions.  He only addressed the September 2019 FCE report and found it to be "relatively persuasive" and "generally consistent with the objective medical evidence and other evidence of record." (Tr. 25.)  Defendant contends that by discussing the persuasiveness of the FCE, the ALJ necessarily considered the opinions of Dr. Neway and Dr. Powell.  However, the Court cannot make that assumption.

The forms that Dr. Neway and Dr. Powell completed on September 13, 2019 and October 2, 2019, respectively, were separate and distinct from the FCE signed by Dr. Powell on September 26, 2019.  This FCE had two

15

different dates: September 25, 2019 on the first page and September 26, 2019 on the last page. (*See* Tr. 401, 409.) There was also an earlier FCE completed in March of 2019. (*See* Tr. 25.) When Dr. Neway referenced an "FCE" in his September 13, 2019 form, he did not specify which FCE he was referring to. (Tr. 456.) Defendant seems to argue that on September 13, 2019, Dr. Neway could not have adopted the FCE that was signed on September 26, 2019. This Court cannot make independent factual determinations, re-weigh the evidence, or develop the record on appeal. It was the ALJ's duty to resolve any inconsistencies in the evidence and to develop the record, if necessary, but he could not do so without first acknowledging Dr. Neway's September 13, 2019 opinions. Since Dr. Neway's September 13, 2019 opinions could have influenced the ALJ's consideration of the FCE opinions, either singly or in combination with Dr. Powell's October 2, 2019 opinions, which the ALJ also did not expressly address, the Court cannot conclude that the ALJ's consideration of the medical opinions of record was based on correct legal standards and was supported by substantial evidence.

In light of this conclusion, it is unnecessary to address Plaintiff's remaining arguments. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, No. 8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the*

16

*Dep't of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam).  On remand, the ALJ should be directed to conduct the five-step sequential evaluation process in light of all the evidence in the record and conduct any further proceedings deemed appropriate.  If the ALJ again finds Plaintiff capable of performing her past relevant work as actually performed, the ALJ must ensure that there are no unresolved vocational conflicts or inconsistencies with the ALJ's own RFC assessment.  The ALJ must also ensure that he either incorporates any limitations he finds credible into the RFC or explains why such limitations are being excluded from the RFC.  Plaintiff's final argument regarding the appointment of the ALJs and the Appeals Council judges is moot.

     Accordingly, it is respectfully **RECOMMENDED**:

     1.    The Commissioner's decision be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), with instructions to the ALJ to conduct the five-step sequential evaluation process in light of all the evidence and conduct any further proceedings deemed appropriate.

     2.    The Clerk of Court be directed to enter judgment accordingly, terminate any pending motions, and close the file.

     3.    The judgment should state that if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney's fees under 42 U.S.C. § 406(b) and/or 42 U.S.C. §

1383(d)(2) must be filed within fourteen (14) days from plaintiff's counsel's receipt of any "close-out" letter.  The motion must include the agency letter stating the amount of past-due benefits withheld, include any applicable contingency fee agreement, and establish the fee is reasonable for the services rendered.  The Court's Order should state it does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ENTERED** at Jacksonville, Florida, on February 3, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Marcia Morales Howard
United States District Judge

Counsel of Record