UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DARLENE BROWN,

    Plaintiff,

v.                                CASE NO. 3:21-cv-1221-MMH-MCR

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the Uncontested Motion & Brief for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion") (Doc. 22). Plaintiff's counsel, Bill Berke, Esq., makes a timely request for an award of attorney's fees pursuant to Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), in the net amount of $20,084.89. (*Id.*) For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED.**

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

I.  **Background**

On December 14, 2021, Plaintiff filed a Complaint in this Court, appealing the Commissioner's denial of his application for a period of disability and disability insurance benefits ("DIB"). (Doc. 1.) On February 23, 2023, the Court reversed the Commissioner's decision and remanded the case to the ALJ for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 16.) On May 26, 2023, the Court granted Plaintiff's Motion for an Award of Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and awarded Plaintiff's counsel $7,322.03 for attorney's fees. (Doc. 21.)

On remand, the Commissioner issued a favorable decision, finding Plaintiff entitled to disability benefits, and withheld $27,406.92, or 25% of Plaintiff's past-due benefits of $109,627.70, for the possible payment of attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 22 at 1.) Plaintiff's counsel now seeks an award of attorney's fees pursuant to the contingent fee contract[2] with Plaintiff in the net amount of $20,084.89 ($27,406.92, which is 25 percent of Plaintiff's past-due benefits, less $7,322.03, which is the previously awarded EAJA fee). (*Id.* at 2.)

---

[2] The contract, which is attached to the Motion, provides that the claimant agrees to pay a fee of 25 percent of the total amount of past-due benefits to which he is entitled. (Doc. 22-2.)

## II.     Standard

Under 42 U.S.C. § 406(b), attorneys who secure a favorable result for their clients upon remand from federal court may petition the Court for a fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25 percent, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

In *Gisbrecht*, the Supreme Court stated:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* at 807.

The first place that the Court should turn to in assessing the reasonableness of a fee is the parties' fee agreement. *Id.* at 808. In conducting its independent check to ensure that a fee is reasonable, the Court may appropriately reduce the fee for a number of reasons, including "the character of the representation and the results the representative achieved,"

3

any delay caused by counsel "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court," and/or benefits that "are large in comparison to the amount of time counsel spent on the case." *Id.*

> In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.*

### III.  Analysis

The contingency fee contract in this case provides that Plaintiff agreed to pay his counsel 25 percent of his past-due benefits. (Doc. 22-2.) Plaintiff's counsel's request for an award of $27,406.92, less the EAJA fee of $7,322.03, is within the statutory maximum. Therefore, the contract is presumptively reasonable.

Moreover, there is no reason to reduce the amount of the requested fee. First, with respect to the character of the representation and the results achieved, the Court notes that Plaintiff's counsel provided professional and skilled representation, resulting in a significant award of past-due benefits, ongoing disability benefits, and Medicare. The Court also finds that counsel promptly prosecuted this case.

4

Further, the Court does not find the requested fee to be disproportionately large in relation to the total amount of time spent on this case (35 hours, resulting in an hourly rate of $217.87).[3] *See, e.g.*, *White v. Comm'r of Soc. Sec.*, No. 6:09-cv-1208-JA-GJK, 2012 WL 1900562, *6 (M.D. Fla. May 2, 2012) (report and recommendation adopted by 2012 WL 1890558 (M.D. Fla. May 24, 2012)) (approving a contingency fee, which amounted to $1,491 per hour, as reasonable under § 406(b)); *Foster v. Astrue*, No. 3:08-cv-960-HWM-JRK (Doc. 46) (M.D. Fla. Jan. 4, 2012) (adopting a magistrate judge's report and recommendation and approving a contingency fee, which amounted to $1,025.28 per hour, as reasonable under § 406(b)); *Howell v. Astrue*, No. 3:06-cv-438-MCR (M.D. Fla. Jan. 5, 2009) (finding an hourly rate of $625 reasonable based on a 2.5 multiplier); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-KRS, 2008 WL 4456453, *6-7 (M.D. Fla. Sept. 30, 2008) (approving a contingency fee, which amounted to $1,100 per hour, as reasonable under § 406(b)); *Watterson v. Astrue*, No. 3:06-cv-369-HTS, 2008 WL 783634, *1-2 (M.D. Fla. Mar. 21, 2008) (finding a contingency fee, which amounted to $1,089.66 per hour, to be reasonable under § 406(b)); *Vilkas v. Comm'r of Soc. Sec.*, No. 2:03-cv-687-JES-DNF, 2007 WL 1498115, *2 (M.D. Fla. May 14, 2007) (finding a contingency fee, which amounted to $1,121.86

---

[3] Although Plaintiff's counsel spent 38.5 hours on this case, he seeks to recover fees for only 35 hours. (Doc. 22-3 at 6.)

per hour, to be reasonable under § 406(b)); *Bergen v. Barnhart*, No. 6:02-cv-458-ACC-KRS (Docs. 26, 36) (M.D. Fla. Sept. 21, 2006) (approving a contingency fee translating to an award of $1,116.11 per hour under § 406(b)).

There are no other potential reasons to reduce the fee. Therefore, because the undersigned finds the contingency fee contract reasonable and because there is no reason to reduce the amount of the requested fee, Plaintiff's counsel should be awarded the requested fee.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 22**) be **GRANTED.**

2. The Commissioner be directed to pay to Plaintiff's counsel the net amount of $20,084.89 for § 406(b) fees out of Plaintiff's past-due benefits.

3. The Clerk of Court be directed to enter judgment accordingly.

**DONE AND ENTERED** at Jacksonville, Florida, on October 1, 2024.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Marcia Morales Howard
United States District Judge

Counsel of Record